Eastern District of Kentucky
FILED
AUG 17 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 04-460-GWU

JAMES RAY,                                      PLAINTIFF,

VS:                 MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,        DEFENDANT,

## INTRODUCTION

James Ray brought this action to obtain judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes,

1

the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742

2

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

3

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary."  20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range

4

of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Ray, a 51 year-old former fork lift operator, suffered from impairments related to degenerative disc disease with bulging at L4-L5 and chronic musculoskeletal pain. (Tr. 14, 23). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of medium level work. (Tr. 23). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 23-24). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 22).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question initially presented to Vocational Expert William Ellis included an exertional restriction to medium level work along with such non-exertional limitations as (1) an inability to more than occasionally stoop or climb a

5

ladder, rope or scaffold; and (2) a need to avoid exposure to jarring or vibration. (Tr. 330-331). In response, the witness identified a significant number of jobs which could still be performed. (Tr. 331-332). The ALJ then presented a second question which included (1) a limitation to lifting no more than 25 pounds; (2) an inability to operate heavy, bouncing or jolting equipment; and (3) a need to avoid frequent bending or lifting from floor level. (Tr. 332). The expert testified that the previously-cited jobs could still be performed. (Tr. 332). Therefore, assuming that the vocational factors considered by Ellis fairly characterized Ray's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The hypothetical question fairly depicted Ray's physical condition, as required by Varley. Both sets of restrictions presented to Ellis were consistent with the limitations identified by Dr. Bobby Kidd, an examining consultant. (Tr. 286). The second hypothetical question included all the restrictions noted by Dr. Olney Patrick, an examiner who saw the plaintiff at the request of his legal representative. (Tr. 281). The hypothetical factors were also compatible with the limitations indicated by Dr. Kenneth Phillips, a non-examining medical reviewer. (Tr. 221-231). Such treating and examining sources as the staff at Memorial Hospital (Tr. 139-178), the staff at Marymount Hospital (Tr. 179-197), the staff at the Burning Springs Medical Clinic (Tr. 198-201), Dr. James Bean (Tr. 202-203), the staff at the Annville Medical Clinic (Tr. 256-257), and Dr. Paul Forberg (Tr. 274-275) did not report the existence of more severe physical restrictions than those presented to the vocational expert. These reports provide substantial evidence to support the administrative decision.

Dr. John Gilbert, a treating physician, identified the existence of extremely severe restrictions on an assessment form. (Tr. 217-219). When these

6

limitations were presented to Ellis, he was unable to identify any jobs which could still be performed. (Tr. 333). The ALJ rejected Dr. Gilbert's opinion as binding because it was not well-supported by his own treatment records and contrary to the bulk of the medical record. (Tr. 17). This action would appear appropriate. Dr. Gilbert indicated that a May, 2002 MRI Scan revealed a herniated nucleus pulposus at L4-L5. (Tr. 207). However, as reported by the ALJ (Tr. 17), this MRI Scan was noted by Dr. Eric Johnson, the radiologist, to reveal only a mild, diffuse bulge at L4-L5 which was not causing significant narrowing of the spinal canal. (Tr. 192). Every other physician of record, including Dr. Jackie Maxey and Dr. Ray Hays of Burning Springs (Tr. 198-199), Dr. James Bean (Tr. 202), and Dr. Forberg (Tr. 274), all treating sources themselves, only thought that the claimant suffered from a bulging disc at L4-L5. Therefore, the ALJ properly rejected Dr. Gilbert's opinion.

The ALJ properly found that Ray did not suffer from a "severe" mental impairment. Dr. Gilbert did report severe mental restrictions on his assessment form (Tr. 217) but was not a mental health professional and did not treat the plaintiff for mental problems or even refer him to a mental health professional. (Tr. 204-208, 215-220, 294-298). Thus, his opinion would not appear binding.

Dr. Kevin Eggerman, an examining consultant, diagnosed alcohol abuse in remission and an anxiety disorder. (Tr. 213). Ray's ability was rated as "fair" in such areas as understanding complex and moderately complex instructions, relating to co-workers and supervisors, persisting on task and tolerating stress. (Tr. 214). "Fair" was not defined by Dr. Eggerman. The examiner rated the plaintiff's Global Assessment of Functioning (GAF) at 60 to 65 (Tr. 213), suggesting the existence of only mild psychological symptoms according to <u>the American Psychiatric Association: Diagnostic and Statistical Manual for Mental</u>

7

Disorders (4th Ed.-revised, 1994). The claimant did not raise an issue concerning the omission of Dr. Eggerman's mental limitations from the hypothetical question. Furthermore, Psychologist Ann Demaree, reviewed the record and opined that it did not reveal the existence of a "severe" mental condition. (Tr. 240). She based this conclusion on Dr. Eggerman's findings concerning only mild anxiety with alcohol abuse in remission. (Tr. 252). An ALJ may rely upon the opinion of a non-examiner over an examining source, when the non-examiner clearly states the reasons for his differing opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). Therefore, this portion of the administrative decision is supported by substantial evidence.

Ray argues that the vocational expert was confused and disoriented at the hearing and, so, his opinion should not be credited. Review of the transcript reveals some initial confusion on the part of Ellis when first presented with a hypothetical question. (Tr. 330). However, the witness recovered and did not appear confused after this time. (Tr. 331-336). Therefore, the Court must reject the plaintiff's argument.

Ray argues that the ALJ did not properly evaluate his subjective pain complaints. Pain complaints are to be evaluated under the standards announced in Duncan v. Secretary of Human Services, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively-determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Ray was found to be suffering from a potentially painful condition. However, even if he could be found to have satisfied the first

8

prong of the so-called Duncan test, the claimant does not meet either of the alternative second prongs. First, the medical evidence does not appear sufficient to confirm the severity of the alleged pain. Second, objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain. Therefore, the ALJ would appear to have properly evaluated Ray's pain complaints.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the __17__ day of August, 2005.

G. WIX UNTHANK
SENIOR JUDGE